UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CR-0154-CVE |
| ) | (20-CV-0284-CVE-FHM) |
| JAMES WESLEY BARNES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is defendant's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 58).[1] Plaintiff filed a motion to dismiss defendant's motion as time-barred (Dkt. # 62), and defendant has filed a response (Dkt. # 65) to plaintiff's motion to dismiss, which the Court also treats as a reply to the § 2255 motion. Plaintiff argues that defendant's motion is untimely filed. Defendant argues that the caronavirus (COVID-19) prevented him from timely filing his motion. Also pending is defendant's motion for miscellaneous relief (Dkt. # 66), seeking, inter alia, a nunc pro tunc downward departure, tolling of direct appeal, and recusal of the undersigned based upon assignment of a 2004 case involving his brother.

I.

On July 12, 2018, a grand jury returned a two-count indictment, charging defendant with sexual exploitation of a child and possession of methamphetamine with intent to distribute. Dkt. # 2. On December 26, 2018, defendant was charged in a new information with possession of child pornography. Dkt. # 36. Defendant pleaded guilty to the one-count information (possession of child

---

[1] Defendant also filed two "supplements" to his motion on July 14 and July 22, 2020, respectively. Dkt. ## 63, 64. If defendant's motion is time-barred, his supplements are as well.

pornography) on January 30, 2019, pursuant to a Federal Rule of Civil Procedure 11(c)(1)(C) plea agreement.[2] Dkt. ## 43, 46. On May 1, 2019, defendant was sentenced to 180 months imprisonment, and judgment was entered. Dkt. # 55. Defendant did not appeal the sentence or judgment. See Dkt. # 56.

On June 15, 2020, defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. # 58. The motion was signed June 5, 2020, and postmarked June 12, 2020. Id. at 11, 13. Defendant declared under penalty of perjury that he placed the motion in the prison mailing system on June 5, 2020. Id. at 11. The § 2255 form directs that, if the movant's judgment of conviction became final more than one year ago, the movant must explain why the one-year statute of limitations in § 2255 does not bar his motion. Id. at 10. Defendant stated only that "[t]his motion is timely filed." Id.

## II.

In its motion to dismiss (Dkt. # 62), plaintiff argues that defendant's § 2255 motion should be dismissed as untimely. Section 2255 motions are subject to a one-year statute of limitations, running from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] The Court dismissed the indictment at sentencing. Dkt. # 55.

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Because defendant did not pursue a direct appeal, his conviction became final May 15, 2019, when his deadline to file a notice of appeal expired. See United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Defendant's § 2255 motion was received by the Court Clerk on June 15, 2020, and it was placed in the mail on June 5, 2020. Therefore, defendant's motion is untimely, because it was filed more than one year after his deadline to file a notice of appeal expired. Discerning no other basis in § 2255(f) on which defendant's motion could be timely, the Court finds that defendant's § 2255 motion should be dismissed as time-barred.[3]

Defendant argues that his motion is timely because COVID-19 prevented him from accessing the law library. Dkt. # 65, at 2. "AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotations omitted). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents the prisoner from timely filing, or when a prisoner actively pursues a judicial remedy but files a defective pleading during the statutory period." Id. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, "it is well established that ignorance of the law, even

---

[3] Defendant sent a letter to the Court Clerk on March 13, 2020, asking for certain documents related to his case, and stating that his time to file a § 2255 motion "is running out." Dkt. # 57, at 1. This request for documents does not constitute a timely filing of defendant's § 2255 motion or present grounds for equitable tolling.

for an incarcerated pro se petitioner, generally does not excuse prompt filing." Id. (internal quotations omitted).

Here, defendant states that his motion is timely filed. Dkt. # 58, at 10. He did not, in his § 2255 motion, explain why his untimely filed motion should be subject to equitable tolling. He argues in his reply that his motion is not untimely because prisoners were on lockdown due to COVID-19, and he was prevented from accessing the law library. Dkt. # 65. Even assuming that a lockdown due to the COVID-19 pandemic delayed defendant's ability to file his motion, it does not explain the more than one-year delay. COVID-19 measures have been in effect since March 2020, and defendant could have filed his motion long before March 2020. Further, the Tenth Circuit has held that "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." Weibley v. Kaiser, 50 Fed. App'x 399, 403 (10th Cir. 2002) (unpublished).[4] Therefore, defendant has not demonstrated that he has diligently pursued his claims.

Nor does defendant assert actual innocence. Defendant's only argument is that his sentencing enhancement based on a prior conviction was improper. "Possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence." Sandlain v. English, 714 Fed. App'x 827, 831 (10th Cir. 2017). To the extent defendant complains about the use of an "assault conviction" to enhance his sentence, he is mistaken. If he is arguing that the "assault conviction" is the prior rape conviction listed as a predicate for the child sexual exploitation charge in count one of the indictment, that count of the indictment was dismissed and, thus, his sentence was not enhanced under 18 U.S.C. § 2251(e) based on his prior conviction. See Dkt. ## 2, 55. Rather, defendant pleaded guilty to a one-count

---

[4] Unpublished decisions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

information charging him with possession of child pornography, carrying a maximum sentence of twenty years imprisonment, not the minimum twenty-five year sentence he would have faced had he been convicted of child sexual exploitation. Further, the Court did not sentence defendant based on the sentencing guidelines, and did not apply any enhancement based on a prior assault conviction. Instead, the Court imposed the 180 month term of imprisonment that defendant agreed to in his Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. The Court finds that equitable tolling should not be applied to defendant's untimely § 2255 motion.

### III.

The Court has considered the issues raised in defendant's § 2255 motion (Dkt. # 58) and finds that his motion should be denied. Rule 11 of the Rules Governing Section 2255 Proceedings instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a certificate of appealability should not issue, as defendant has not made a substantial showing of the denial of a constitutional right. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss defendant's § 2255 motion as time-barred (Dkt. # 62) is **granted**.

**IT IS FURTHER ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 58) is **dismissed** as time-barred. Defendant's supplements (Dkt. ## 63, 64) are **moot**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that defendant's motion for miscellaneous relief (Dkt. # 66) is **denied**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**.

**DATED** this 6th day of August, 2020.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE