UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. 18-CR-154-CVE |
| v. | ) |
| | ) |
| JAMES WESLEY BARNES, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the undersigned by referral from the District Judge is the "Motion to Compel" (Doc. 77) filed by the defendant in this action on February 11, 2021.[1] For the reasons herein, the undersigned recommends that the request for mandamus be dismissed for lack of jurisdiction under 28 U.S.C. § 1361.

**I.  Background**

In July, 2018, a grand jury returned an indictment charging the defendant with sexual exploitation of a child and possession of methamphetamine with intent to distribute. (Doc. 2). Pursuant to the Criminal Justice Act, the Court appointed John Campbell to represent the defendant. (Doc. 12). On December 26, 2018, the defendant was charged in an information with possession of child pornography (Doc. 36), and he pleaded guilty to the information on January 30, 2019 under a plea agreement pursuant to Fed. R. Crim. P.

---

[1] While the filing is styled as a "Motion to Compel," the relief sought is issuance of a writ of mandamus. The defendant captioned the motion in his name as "Petitioner" and the United States of America as "Respondent[ ]." (*See* Doc. 77).

11(c)(1)(C). (Doc. 46). He was sentenced to 180 months imprisonment, and judgment was entered on May 1, 2019. (Doc. 55). He did not appeal. (*See* Doc. 56).

On June 15, 2020, the defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 58). Because the defendant's § 2255 motion was filed more than one year after the deadline to file a notice of appeal, the District Court determined that his motion was untimely and denied a certificate of appealability (COA). (Doc. 67). The defendant then sought a COA from the Tenth Circuit Court of Appeals. On December 16, 2020, the appellate court denied a COA and dismissed the defendant's appeal, upon finding his substantive claims lacked merit. (Doc. 76).

Nearly two months later, the defendant filed the instant motion. He cites 28 U.S.C. § 1361 as the basis for his request for an order compelling "Attorney John Campbell to Produce and Serve a copy of any and all Documents obtained in [the case], both his own and Prosecution[']s[,] within 10 working days." (Doc. 77). Alternatively, the defendant requests an order under § 1361 compelling Mr. Campbell "to serve his Documents on Petitioner and another Order for Prosecution to Produce and serve their Discovery Documents on Petitioner, <u>both</u> within 10 working days." (*Id.*).

II.   **Analysis and Recommendation**

The mandamus statute cited by the defendant provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is a drastic remedy, available only in extraordinary circumstances." *Western Shoshone Bus. Council v. Babbit*, 1 F.3d 1052,

1059 (10th Cir. 1993). To be eligible for mandamus relief, the defendant must establish "(1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995); *see also In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2009) (party requesting writ of mandamus must show a right to the writ that is "clear and indisputable"); *Reed v. Crofts*, 691 F. App'x 552, 553 (10th Cir. 2017) (unpublished).[2]

The defendant is not eligible for a writ unless the party whose action is sought "owes him a clear nondiscretionary duty." *Marquez-Ramos*, 69 F.3d at (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." *Id.* at 479. "Thus, the question whether a particular act is discretionary … rises to the jurisdictional level." *Id.*

The defendant has not identified a basis for the Court to exercise jurisdiction to grant the relief he requests. He has not identified a clear, plainly defined, non-discretionary duty on the part of his former counsel or the government to provide him with discovery at this point, post-conviction and after his § 2255 motion was dismissed and a COA was denied by both the District Court and the Tenth Circuit. Mr. Campbell is a private attorney who was appointed to represent the defendant, pursuant to the Criminal Justice Act. (*See* Doc.

---

[2] This and other unpublished decisions cited herein are not precedential, but may be cited for persuasive value. *See* 10th Cir. Ct. of App. 32.1; Fed. R. App. P. 32.1.

12).[3] As a private attorney, Mr. Campbell is not "an officer or employee of the United States or an agency thereof," and the Court does not have jurisdiction to issue a writ under § 1361 compelling action by him. 28 U.S.C. § 1361; *see United States v. Tinajero-Porras*, 304 F. App'x 754, 757 (10th Cir. 2008) (unpublished) (defendant's attorney "was not an officer or employee of the United States for the purpose of applying 28 U.S.C. § 1361" to compel the attorney by writ of mandamus to provide transcripts and the case file to the defendant); *United States v. Jeffries*, No. 1:07cr56, 2010 WL 785355, *1 (W.D.N.C. Mar. 4, 2010) (unpublished) (no jurisdiction to issue writ of mandamus to compel defendant's former counsel, as counsel was not an officer or employee of the United States).

With respect to the defendant's alternative request for a writ of mandamus compelling the prosecutor to provide defendant "discovery documents" from his criminal case, the defendant's motion does not identify any basis for the exercise of jurisdiction under § 1361. Judgment in the criminal action has been entered, the defendant did not file a direct appeal, his § 2255 motion has been dismissed, and the District Judge and the Tenth Circuit denied a COA. Thus, there is no pending criminal proceeding as to which the referenced documents could relate, and the defendant has not shown a non-discretionary duty on the part of the prosecutor to provide him copies of discovery at this point. *See Jeffries*, 2010 WL 785355, **1-2.

---

[3] The Criminal Justice Act provides for appointment of "private attorneys" in a "substantial proportion" of cases in which defendants cannot afford to retain counsel. *See* 18 U.S.C. § 3006A.

In *United States v. Reed*, 644 F. App'x 847 (10th Cir. 2016) (unpublished), after unsuccessfully appealing his conviction and sentence, the defendant contested the district court's dismissals of the defendant's motions to supplement the appeal record, and the Tenth Circuit affirmed. The defendant also filed a petition for writ of mandamus under § 1361 to the United States Attorney "to produce documents and evidence from his criminal case." *See Reed v. Crofts*, 691 F. App'x 552, 553 (10th Cir. 2017) (unpublished). The district court dismissed the mandamus request for several reasons, including that his conviction had been affirmed and he could only challenge his conviction through a § 2255 motion. The defendant subsequently sought relief under Fed. R. Civ. P. 60(b), which the district court denied, and the Tenth Circuit affirmed. 692 F. App'x at 553.

The defendant attaches to his motion what appears to be an inmate request form dated March 1, 2020, asking the prison for mail that he believed he should have received, which referenced "running short on my time to file my 2255." (Doc. 77 at 2). He thereafter filed his § 2255 motion in June, 2020, without mentioning any purported issue as to discovery. If there were an issue to raise with respect to discovery, he could have presented it in a timely § 2255 motion, which was due to be filed within one year of the date his conviction became final on May 15, 2019. (*See* Doc. 67 at 3). Mandamus is accordingly not obtainable. *See United States v. Card*, 534 F. App'x 765, 768 (10th Cir. 2013) (unpublished) (quoting *Charles v. Chandler*, 180 F.3df 753, 758 (6th Cir. 1999)) ("The one-year period provided him with a reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.")

In light of the foregoing, the undersigned recommends that the defendant's request for a writ of mandamus be dismissed for lack of jurisdiction under 28 U.S.C. § 1361. *See, e.g., Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (district court properly dismissed where it was clear that no writ of mandamus could issue); *Liverman v. Bush*, 213 F. App'x 675, 677 (10th Cir. 2007) (unpublished) (where plaintiff does not have a right to compel action, a district court lacks jurisdiction under § 1361); *Carpet, Linoleum & Resilient Tile Layers v. Brown*, 656 F.2d 564, 567 (10th Cir. 1981) ("The test for jurisdiction is whether mandamus would be an appropriate means of relief"); *Tinajero-Porras*, 304 F. App'x at 757 (affirming dismissal of mandamus request where defendant requested a writ to compel his appellate counsel to provide him copies of his trial transcript and the case file in the criminal case); *United States v. McIntosh*, No. 11-20085-01-KHV, 2018 WL 1806763, *2 (D. Kan. Apr. 17, 2018) (unpublished) (dismissing defendant's request for writ of mandamus under § 1361 for lack of jurisdiction, where defendant sought return of discovery materials from the government after an unsuccessful appeal and § 2255 motion); *United States v. McIntosh*, No. 11-20085-01-KHV, 2018 WL 6830225 (D. Kan. Dec. 28, 2018) (unpublished) (dismissing re-urged motion for writ of mandamus under § 1361 for lack of jurisdiction where defendant did not show that the government had a clear non-discretionary duty to provide discovery materials or that other remedies were unavailable).

Pursuant to Fed. R. Crim. P. 59 and 28 U.S.C. § 636, any objections shall be filed within 14 days of service of this report and recommendation. Failure to object in accordance with Rule 59 waives a party's right to review.

DATED this 26th day of February, 2021.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge