UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-CR-0154-CVE |
| ) | (20-CV-0284-CVE-FHM) |
| JAMES WESLEY BARNES, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is the report and recommendation (Dkt. # 79) of a magistrate judge recommending that the Court deny defendant's motion to compel (Dkt. # 77). Defendant has filed a timely objection (Dkt. # 80) to the report and recommendation. Plaintiff, the United States of America, has not filed a response to defendant's objection, and the time to do so has expired.

**I. BACKGROUND**

Briefly, defendant was charged with sexual exploitation of a child and possession of methamphetamine with intent to distribute in July 2018. Dkt. # 2. On December 26, 2018, defendant was charged with possession of child pornography in a new information. Dkt. # 36. On January 30, 2019, defendant entered a change of plea before the Court, changing his plea from "not guilty" to "guilty" as to the count in the new information. That day he also entered into a plea agreement with plaintiff pursuant to Fed. R. Civ. P. 11(c)(1)(C). Dkt. # 49. If accepted by the Court, the plea agreement dictated that defendant, inter alia, would be sentenced to 180 months imprisonment. On May 1, 2019, defendant was sentenced to 180 months imprisonment, and

judgment was entered. Dkt. # 55. Defendant did not appeal the judgment, and thus his conviction became final on May 15, 2019. Dkt. # 67, at 3.

On June 15, 2020, the defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (§ 2255 motion). Dkt. # 58. In an opinion and order, dated August 6, 2020, the Court found that, because defendant's § 2255 motion was filed more than one year after the deadline to file a notice of appeal, the motion was untimely. Dkt. # 67, at 6. The Court also denied defendant a certificate of appealability (COA). Id. Defendant then sought a COA from the Tenth Circuit, but the appellate court denied defendant's request and dismissed the defendant's appeal. Dkt. # 76.

Defendant then filed a "motion to compel" in this Court, asserting jurisdiction pursuant to 28 U.S.C. § 1361. In that motion, defendant seeks an order compelling defendant's "[a]ttorney John Campbell to [p]roduce and [s]erve a copy of any and all [d]ocuments obtained in [the case], both his own and [p]rosecution[']s[,] within 10 working days." Dkt. # 77, at 1. Alternatively, the defendant requests an order under § 1361 compelling Mr. Campbell "to serve his [d]ocuments on [defendant] and another [o]rder for [p]rosecution to [p]roduce and serve their [d]iscovery [d]ocuments on [defendant], both within 10 working days." Id. The motion was referred to a magistrate judge.

The magistrate judge issued a report and recommendation that defendant's motion be denied because "defendant has not identified a basis for the Court to exercise jurisdiction to grant the relief he requests." Dkt. # 79, at 3. First, the magistrate judge found that, as defendant's attorney, Mr. Campbell was not "an officer or employee of the United States," and therefore the Court had no jurisdiction to compel him to produce documents pursuant to § 1361. Second, the magistrate found

that defendant had "not identified a clear, plainly defined, non-discretionary duty on the part of his former counsel or the government to provide him with discovery at this point." Id. at 3.

Defendant objects to that report and recommendation (Dkt. # 80). While he concedes that there is no jurisdiction to compel his attorney to produce documents,[1] defendant still urges that the Court has jurisdiction over the prosecution pursuant to § 1361, and should compel the prosecution to produce the requested documents.

## II. LEGAL STANDARD

Without consent of the parties, the Court may refer any applications for post-trial relief made by individuals convicted of criminal offenses to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III. ANALYSIS

Defendant objects to the report and recommendation, arguing that the Court has jurisdiction under 28 U.S.C. § 1361 to compel the prosecution to produce the documents he requests. Dkt. # 80,

---

[1] Defendant argues that the "documents still require compulsion[,] albeit not [from] Mr. Campbell, but [from] the Prosecution as the owing party." Dkt. # 80, at 2 (emphasis in original).

at 1-2.[2] Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "To be eligible for mandamus relief, the petitioner must establish (1) that he has a clear right to relief, (2) that the respondent's duty to perform the act in question is plainly defined and peremptory, and (3) that he has no other adequate remedy." Rios v. Ziglar, 398 F.3d 1201, 1206 (10th Cir. 2005). In order to show that plaintiff's "duty to perform the act in question is plainly defined and peremptory," defendant must demonstrate that plaintiff "owes him a clear nondiscretionary duty." Marquez-Ramos v. Reno, 69 F.3d 477, 479 (10th Cir. 1995) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). "The importance of the term 'nondiscretionary' cannot be overstated—the judiciary cannot infringe on decision-making left to the Executive branch's prerogative." Id. at 479. Mandamus is "available only in extraordinary circumstances." Western Shoshone Bus. Council v. Babbit, 1 F.3d 1052, 1059 (10th Cir. 1993).

This Court finds that the magistrate judge was correct in reporting that defendant "has not identified a clear, plainly defined, non-discretionary duty on the part of . . . the government to provide him with discovery at this point, post-conviction and after his § 2255 motion was dismissed." Dkt. # 79, at 3. Defendant points to nothing that demonstrates the prosecution owes him a duty to produce discovery in a case that was closed in May 2019. Absent a showing that defendant is owed a "a clear nondiscretionary duty," defendant's motion seeking a writ of mandamus necessarily fails. Marquez-Ramos, 69 F.3d at 479.

---

[2] As defendant does not object to the magistrate judge's conclusion that § 1361 does not provide jurisdiction to compel his defense attorney to produce documents, that part of the report and recommendation will not be addressed herein. It is accepted.

Defendant also appears to assert that he timely filed his § 2255 motion and that the Court somehow "delayed" receipt of the motion until defendant's one year period expired. Dkt. # 80, at 1. To the extent plaintiff re-argues that the dismissal of plaintiff's § 2255 motion as untimely was improper, as he did in his replies (Dkt. ## 63, 64) to the government's motion to dismiss his § 2255 motion (Dkt. # 62), those arguments are addressed in the Court's August 6, 2020 opinion and order. They are without merit, and the reasons for rejecting them will not be reiterated herein.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 79) is **accepted**, and the motion to compel (Dkt. # 77) is **denied**.

**DATED** this 9th day of April, 2021.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE